Filed 4/30/13  P. v. Mayfield CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>CAREEM MAYFIELD,<br><br>       Defendant and Appellant. | A136561<br><br>(San Mateo County<br> Super. Ct. No. SC075222) |

This is an appeal from judgment following entry of a no contest plea by appellant Careem Mayfield to one count of driving with a blood alcohol level exceeding .08 percent in violation of Vehicle Code section 23152, subdivision (b), and his admission of allegations that he had sustained three charged priors within the meaning of Vehicle Code 23550 and a prior strike within the meaning of Penal Code section 1170.12, subdivision (c)(1).[1]  The trial court sentenced appellant to a total of 32 months in prison and ordered him to pay a $240 restitution fine, a $40 court administrative fee, and a $30 criminal conviction assessment.  Appellant also received one day of presentence custody credit and was ordered to submit to DNA testing pursuant to Penal Code section 296.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*), in which she raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40

---

[1]       Unless otherwise stated, all statutory citations herein are to the Vehicle Code.

Cal.4th 106, 124 (*People v. Kelly*).) Counsel attests that appellant was advised of his right to file a supplemental brief in a timely manner, but he has not exercised this right.

Mindful that our review is limited to grounds for appeal occurring after entry of the plea (Cal. Rules of Court, rule 8.304(b)(5)), we have examined the entire record in accordance with *People v. Wende* and *People v. Kelly*. For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2012, an information was filed charging appellant with one felony count of driving under the influence in violation of section 23152, subdivision (a), enhanced for having sustained three prior convictions within the meaning of section 23550 (count one), and one felony count of driving with a blood alcohol level exceeding .08 percent in violation of section 23152, subdivision (b), likewise enhanced for having sustained three prior convictions within the meaning of section 23550 (count two). As to both of these felony counts, the information further alleged appellant had four prior felony convictions within the meaning of Penal Code section 1203, subdivision (e)(4), had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b), and had suffered a prior strike within the meaning of Penal Code section 1170.12, subdivision (c)(1).

In addition, the information charged appellant with misdemeanor driving with a suspended license for driving under the influence in violation of section 14601.2, subdivision (a), enhanced for having sustained four priors within the meaning of the section 14601.2, subdivision (d)(2) (count three); misdemeanor driving with knowledge of suspension in violation of section 14601.5, subdivision (a), enhanced for having sustained four priors within the meaning of the section 14601.5, subdivision (d)(2) (count four); misdemeanor driving with a license suspended for other reasons in violation of section 14601.1, subdivision (a), enhanced for having sustained four priors within the meaning of the section 14601.1, subdivision (b)(2) (count five); and the infraction of

2

driving with an open container of alcohol in violation of section 23222, subdivision (a) (count six).

These charges and enhancements stemmed from events occurring on November 18, 2011, when appellant was pulled over by police for having expired registration tabs. The officer who approached appellant noticed he appeared intoxicated. When questioned, appellant admitted having consumed alcohol and smoked "a lot of weed." Appellant thereafter failed field sobriety tests before providing a blood sample that, when tested, yielded a blood alcohol level of .13 percent.

The probation report noted several additional facts about appellant, including that he was the 34-year-old son of two heroin addicts raised primarily by an aunt and in foster and group homes. Appellant began consuming alcohol and marijuana at age 13 and regularly drank a pint of liquor (usually cognac) per day. As an adult, appellant had spent time in jail and prison. Most significantly, appellant committed the aforementioned strike offense, armed robbery of a man at a highway rest stop, while under the influence of PCP in 2001. He stopped using PCP in 2001, but continued to abuse alcohol until 2011, when he stopped drinking and began attending Alcoholics Anonymous. Appellant, who was remorseful for the current offense, began living with and caring for his ill mother in 2011.

On May 24, 2012, appellant, represented by counsel, entered a no contest plea to count two, driving with a blood alcohol level exceeding .08 percent, and admitted enhancements for having sustained three prior convictions within the meaning of section 23550 and one prior strike within the meaning of Penal Code section 1170.12, subdivision (c)(1). Pursuant to this plea, all other charges and allegations were dismissed and the trial court agreed to consider a *Romero* motion to strike appellant's prior strike. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) In addition, appellant voluntarily waived certain fundamental constitutional rights, including his right to a trial by jury, to confront and cross-examine witnesses, and to not incriminate himself.

On July 13, 2012, the trial court denied appellant's *Romero* motion and sentenced him to a total of 32 months in prison, the low term doubled under the second-strike provisions of the Three Strikes Law. The trial court also ordered appellant to pay a $240

3

restitution fine, a $40 court administrative fee, and a $30 criminal conviction assessment; awarded him one day of presentence custody credit; and ordered him to submit to DNA testing pursuant to Penal Code section 296. Following entry of this judgment, appellant filed a notice of appeal that, although one day late, was deemed timely after the trial court granted his motion for constructive filing.

## DISCUSSION

Neither appointed counsel nor appellant has identified any issue for our review. Upon our own independent review of the entire record, we agree none exists. (*People v. Wende, supra,* 25 Cal.3d 436.) Appellant, represented by competent counsel, pleaded no contest to one felony count of driving with a blood alcohol level exceeding .08 percent. Appellant also admitted allegations that he had three prior convictions within the meaning of section 23550 and one prior strike within the meaning of Penal Code section 1170.12, subdivision (c)(1).

As stated above, the trial court considered and denied appellant's *Romero* motion before sentencing him to 32 months in prison for the admitted felony offense, the low term doubled under the second-strike provisions of the Three Strikes Law. (See Pen. Code § 1170.12, § 667, subd. (e)(1) ["If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"].) In doing so, the trial court noted appellant's statutory ineligibility for probation based on the prior strike, which was particularly severe given that appellant placed a "loaded gun in a face of a victim at a rest stop." The trial court also ordered appellant to pay a $240 restitution fine and various other statutory fines and assessments. This sentence, which was told to appellant by the trial court before entry of his valid plea agreement, was lawful.[2] (Cal. Rules of Court, rules 4.420-4.423; Pen. Code §§ 1016-1018, § 1192.5, § 1170.12, § 667, subd. (e)(1).) Having ensured appellant has received adequate and effective appellate

---

[2]     The plea forms signed by appellant identify a sentence of "4 years top."

4

review, we affirm the trial court's judgment.  (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113; *People v. Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.